**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK CHRISTOPHER, | |
| Plaintiff, | Civ. No. 11-7640 (DRD) |
| v. | **O P I N I O N** |
| MICHAEL J. BRYAN/DIRECTOR NJ DIVISION OF TAXATION, | |
| Defendant. | |

*Appearances by:*

Mark Christopher
20 Park Avenue
Maplewood, NJ 07040

 *Pro Se Plaintiff,*

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY
By: David B. Bender
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, NJ 08625

 *Attorneys for Defendant Michael J. Bryan, Director, New Jersey Division of Taxation*

**DEBEVOISE, Senior District Judge**

On November 4, 2011, Plaintiff Mark Christopher filed a Pro Se Complaint against Defendant Michael J. Bryan, in his capacity as Director of the New Jersey Division of Taxation. The Complaint, which is largely inscrutable, appears to relate to Mr. Chrisopher's refusal to pay $20,000 in New Jersey state taxes. Mr. Bryan now files a Motion to Dismiss Mr. Christopher's Complaint. For the reasons set forth below, that motion is GRANTED.

## I. BACKGROUND

Mr. Christopher's Complaint is virtually incomprehensible. It bills itself as a "Libel of Review" for a "common law claim in admiralty," "notice lis pendens," and "verified statement of right," pursuant to Mr. Christopher's "[g]od-given unalienable rights in the original estate" under Article III of the United States Constitution. (ECF Doc. 1 at 1.) The Complaint first asserts that this Court has jurisdiction based on "a Constitutional matter involving a man on the land complaining about theft and kidnap . . . and irregular extradition from the asylum state into the United States custody, treason . . . by an agent of a foreign principal." (Id. at 2.)

The Complaint then attempts to set forth a cause of action, which appears to relate to Mr. Christopher's refusal to satisfy an income tax assessment stating that he owes a total of $20,000.00 in New Jersey state taxes for the 2007 and 2008 tax years. It states that "Michael J. Bryan, NJ Division of Taxation is claiming an assessment is owed due to information the Division obtained that may require a 2007 and 2008 New Jersey income tax to be filed with the NJ division of taxation. This presumption is erroneous and based upon endorsements of private credit from the Federal Reserve that have never been made in good faith."[1] (Id. at 3.) It further states that "Mark Christopher wishes to invoke judicial review . . . and nullify any justification

---

[1] Mr. Christopher attaches an Assessment Worksheet from the New Jersey Division of Taxation, dated June 27, 2011, stating that he owes a total of $20,000.00 for the 2007 and 2008 tax years. (ECF No. 1 at 25.) The words "Refusal for Cause" are written on that document. (Id.)

for any such theft or action—manifest in actual or threatened kidnap.  The presentment(s) upon which the theft is based has been refused for cause[.]"  (Id.)

It further appears that Mr. Christopher seeks relief enjoining Mr. Bryan from seeking satisfaction of the aforementioned income tax assessment.  In a section entitled "Stipulation of remedy", Mr. Christopher states that "[t]his case is a repository for injunctive relief from any future presentments and theft or kidnap actions from *any* foreign agents or principals."  (Id. at 5) (emphasis in original).

## II.  DISCUSSION

Mr. Bryan now moves to dismiss Mr. Christopher's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(h)(3).  In doing so, he argues that (1) the Complaint fails to articulate any cognizable claims or state a cause of action; (2) this Court lacks jurisdiction over this matter based on the Tax Injunction Act of 1937; (3) this Court lacks subject matter jurisdiction in this case; (4) he is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution; (5) he is not considered a person under Section 1983; and (6) Mr. Christopher failed to exhaust his state and administrative remedies, requiring this Court to abstain from adjudicating his claims.  Mr. Christopher has not filed any opposition to this motion.

A.   **Standard of Review**

In assessing Defendants' arguments, the Court must apply the standard of review applicable to requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  That Rule permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the

complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted.  In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  A claim may be dismissed with prejudice, however, if amending the complaint would be futile.  Id.  "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim.  Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**B.     Mr. Bryan's Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) states that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Mr. Christopher's Complaint sets forth neither "a short and plain statement of [a] claim showing that [he] is entitled to relief," nor "a demand for the relief sought."  While the Court may guess that the Complaint attempts to set forth a cause of action relating to Mr. Christopher's refusal to satisfy a New Jersey state tax assessment, and enjoin Mr. Bryan from seeking satisfaction of that assessment, such guessing is a plainly insufficient basis on which to find a plausible claim for relief.  Furthermore, even if the Complaint clearly indicated a cause of action based on Mr. Christopher's refusal to satisfy the assessment, it provides no discernible grounds

under which he is plausibly entitled to do so.  Consequently, Mr. Christopher's Complaint is dismissed with prejudice, as there is no manner in which Mr. Christopher could amend it to state a legally cognizable claim.

### III.  CONCLUSION

For the foregoing reasons, Mr. Bryan's Motion to Dismiss is GRANTED.  Mr. Christopher's Complaint is dismissed in its entirety with prejudice.

The Court will enter an order implementing this opinion.


    **/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: September 24, 2012